# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

October 11, 2006

MEMO TO COUNSEL RE:  Bruce A. Brown, et al. v. Equitable Trust Mortgage Corp., et al.
Civil No. JFM-06-1258

Dear Counsel:

I have reviewed the memoranda submitted in connection with plaintiff's motion to dismiss counterclaims.  The motion is denied without prejudice to being renewed at a later stage of these proceedings after the completion of discovery.

The counterclaims arise from the same "transaction or occurrence that is the subject matter of" plaintiffs' claims in that they directly pertain to the amount of money, if any, due to plaintiffs upon the termination of their employment.  However, because the counterclaims raise different issues of fact and law than do plaintiffs' claims and because the evidence supporting or refuting the counterclaims appears to be largely different from the evidence supporting or refuting plaintiffs' claims, I am not sure that the counterclaims are "compulsory" under the four part test established by the Fourth Circuit in *Panter v. Harvey*, 863 F.2d 329, 331 (1988).  This may be particularly true because as a result of the position they have taken in their motion to dismiss, plaintiffs may be judicially estopped from asserting a *res judicata* bar in another suit instituted by defendants against them asserting the claims now asserted in the counterclaims.

Despite these uncertainties, it seems to me to be in the interest of the efficient administration of justice for discovery to proceed on all of the disputes between the parties and for one judge to preside over the entire litigation, at least through discovery and any settlement negotiations that might occur.  In order to protect themselves from any potential limitations defense, defendants may wish to file a protective suit in state court asserting the claims now asserted in the counterclaims and ask that the state case be stayed pending final resolution of the counterclaims issue in this case.  Alternatively, defendants may conclude that Maryland Rule 2-101(c) provides them with sufficient protection from a limitations bar in the event that I eventually dismiss the counterclaims.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge